12 A.3d 718

IN THE MATTER OF THOMAS A. GIAMANCO, AN ATTORNEY AT LAW (ATTORNEY NO. 013451983).

March 3, 2011.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 10–207, recommending on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **THOMAS A. GIAMANCO,** formerly of **RIDGEWOOD,** who was admitted to the bar of this State in 1983, and who has been suspended from the practice of law since November 21, 2006, pursuant to Orders of this Court filed November 21, 2006, May 6, 2008, May 9, 2008 and January 27, 2009, be disbarred for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b)

(failure to communicate) and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And **THOMAS A. GIAMANCO** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined that a three-year suspension from the practice of law is the appropriate quantum of discipline for respondent's unethical conduct and that the term of suspension should be retroactive to the date of the most recent Order of suspension;

And good cause appearing;

It is ORDERED that **THOMAS A. GIAMANCO** is suspended from the practice of law for a period of three years, retroactive to January 27, 2009, and until the further Order of the Court; and it is further

ORDERED that respondent be evaluated by the New Jersey Lawyers' Assistance Program and, prior to reinstatement to practice, submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall not practice law as a sole practitioner and shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.